IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**In the Matter of the Complaint of**
**MERS, LLC d/b/a PTL Marine, as Owner or**
**Owner** *Pro Hac Vice* **of Wickliffe Crewboat No. 1,**
**for Exoneration from or Limitation of Liability**

                                                           Civil Action No.   5:22-cv-64-TBR

**VERIFIED COMPLAINT FOR EXONERATION FROM**
**OR LIMITATION OF LIABILITY**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY, PADUCAH DIVISION:**

      **COMES NOW**, MERS, LLC d/b/a PTL Marine ("PTL"), as owner or owner *pro hac vice* of Wickliffe Crewboat No. 1 (hereinafter sometimes referred to as the "Crewboat"), by and through undersigned counsel, and in support of its Complaint seeking exoneration from or limitation of liability pursuant to 46 U.S.C. 30501, *et seq.*, states:

      1.      This action is brought pursuant to 46 U.S.C. 30501, *et seq.*, commonly known as the Limitation of Vessel Owner's Liability Act.

      2.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction over the parties herein, and this matter is governed procedurally by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

      3.      MERS, LLC d/b/a PTL Marine is a limited liability company organized and existing under the laws of the State of Texas.

4. PTL is in the business of providing crewing and other mid-streaming services to line towboats on the inland river system.

5. PTL, at all relevant times herein, was the owner of Wickliffe Crewboat No. 1, Official Number 1221644.

6. On or about March 3, 2022, PTL was the owner of the Crewboat which was manned by a crew of one man, Pilot Tyler Morgan. PTL, at all times relevant and material herein used due diligence to maintain the Crewboat, in all respects, seaworthy, tight, staunch, and strong.

7. On or about March 3, 2022, PTL employee and Pilot, Tyler Morgan, was piloting Wickliffe Crewboat No. 1 with one (1) third-party passenger on board, namely Tanner Johnson, whom PTL was transferring from its midstreaming services located at Wickliffe, Kentucky at or near Mile 981, LMR, to the deck of the M/V LUKE BURTON, an inland river towboat owned and/or operated by Canal Barge Lines, Inc. (hereinafter "Canal"). After Wickliffe Crewboat No. 1 had tied off to and had disembarked its third-party passenger, Tanner Johnson, onto the port side of the M/V LUKE BURTON, upon information and belief an inland river towboat owned and/or operated by Marquette Transportation Company, LLC, which was also navigating north bound on the Lower Mississippi River with a tow of barges overtook the M/V LUKE BURTON with the Wickcliffe Crewboat No. 1 tried on its port side. It is believed that the wave wash from the tow of the M/V MARQUETTE WARRIOR, an inland river towboat owned or operated by Marquette Transportation Company, LLC with its tow of barges, capsized PTL's Wickliffe

Crewboat No. 1 proximately causing the death, upon information and belief, by drowning, of PTL's Pilot, Tyler Morgan. The voyage at issue commenced at approximately 3:30 p.m. CST on March 3, 2022 at the PTL Offices and Dock at Mile 951.6, on the left descending bank of the Lower Mississippi River and terminated at approximately 4:00 p.m. CST on March 3, 2022 at or near Mile 891, Ohio River. To date the body of Tyler Morgan has not been recovered. PTL has received written notice of a claim from attorneys representing the widow of Tyler Morgan for his alleged wrongful death arising out of the capsizing and sinking of Wickliffe Crewboat No. 1.

8. PTL has been put on notice a claim for damages by Canal Barge Lines, Inc., to the port side of the M/V LUKE BURTON arises out of the incident.

9. PTL has also been put on notice of possible indemnity/contribution claim by Marquette Transportation, LLC, arising out of the incident.

10. At the time of the occurrence set out hereinabove, there was freight earned by Wickliffe Crewboat No. 1 for this voyage in the sum of $350.00.

11. PTL is filing this action within six (6) months of the date of the capsizing of Wickliffe Crewboat No. 1 and the death of Tyler Morgan, PTL's Pilot. Therefore, the filing of this action is timely, pursuant to 46 U.S.C. § 30511(a) and Supplemental Admiralty Rule F(1).

12. Other than the expenses of salvage/repair of that certain 35' Crewboat and the written claim of the widow of Tyler Morgan; the hull claim of Canal Barge Lines, and the contribution/indemnity claims by Marquette Transportation, LLC, there no demands,

unsatisfied liens, or claims of liens, in contract or in tort, or otherwise, arising from the voyage at issue, so far as known to PTL and no other actions, procedures, or lawsuits, other than this lawsuit known to be pending as a result of the voyage at issue. Since March 3, 2022, Wickliffe Crewboat No. 1 has been salved and has been towed to and is presently docked at PTL's office, Wickliffe, Kentucky at or near Mile 951.6, L.M.R.

13. Venue is proper in this district pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure because Wickliffe Crewboat No. 1 is present in this district.

14. The capsizing of Wickliffe Crewboat No. 1 by the wheel wash of the M/V MARQUETTE WARRIOR and her tow and any and all alleged claims and damages, including but not limited to the claims of the widow of Tyler Morgan, if any, were not caused or contributed to by any fault or neglect of PTL, as owner or owner *pro hac vice* of Wickliffe Crewboat No. 1, nor on the part of Wickliffe Crewboat No. 1 herself, nor was there any unseaworthy condition aboard Wickliffe Crewboat No. 1 which caused or contributed to the capsizing and sinking of Wickliffe Crewboat No. 1 or the death of Tyler Morgan. Upon information and belief, the proximate cause of the capsizing and sinking of Wickliffe Crewboat No. 1 and the death of Tyler Morgan is still under investigation; however, there is no evidence that Wickliffe Crewboat No. 1 was unseaworthy. Neither is there any evidence that PTL was negligent in any way that would have contributed to or caused the capsizing of Wickliffe Crewboat No. 1 and/or the death of Tyler Morgan.

PTL, therefore, is entitled to be exonerated from all liability for the capsizing of Wickliffe Crewboat No. 1 and the death of Tyler Morgan.

15. In the alternative, the capsizing of Wickliffe Crewboat No. 1 and the death of Tyler Morgan, together with any and all alleged claims and resulting damages, including, but not limited to, those arising from the death of Tyler Morgan, hull damages to the M/V LUKE BURTON and contribution/indemnity claim of Marquette Transportation; were occasioned and incurred without the privity or knowledge of PTL or of anyone whose privity and knowledge is imputable to PTL. PTL, therefore, is entitled to limit its liability to the value of Wickliffe Crewboat No. 1 at the time of and immediately following the capsizing of Wickliffe Crewboat No. 1 and death of Tyler Morgan and at the conclusion of the voyage at issue, pursuant to 46 U.S.C. §30501, *et seq*. That certain Wickliffe Crewboat No. 1 is a commercial inland marine midstream vessel and, as stated earlier, did have pending freight of $350.00 at the time of the capsizing and death of Tyler Morgan.

16. PTL, as owner or owner *pro hac vice* of Wickliffe Crewboat No. 1, hereby claims exemption and exoneration from liability for any and all losses or damages of any kind occasioned or incurred by or resulting from the capsizing of Wickliffe Crewboat No. 1, including, but not limited to, those arising from the death of Tyler Morgan; (damages to the hull of the M/V LUKE BURTON and contribution/indemnity claim of Marquette Transportation, and from any and all suits and claims which may hereafter be made against it, and PTL alleges that it has valid defenses thereto in fact and in law. PTL further

claims the benefits of the limitation of liability provided by the Limitation of Vessel Owner's Liability Act, 46 U.S.C. §30501, *et seq.*, and, to that end, PTL is willing to proceed according to admiralty law and pursuant to the Federal Rules of Civil Procedure as made applicable to certain admiralty and maritime claims.

17. Immediately following the capsizing of Wickliffe Crewboat No. 1 and the death of Tyler Morgan, and, therefore, at the conclusion of the voyage at issue, the value of Wickliffe Crewboat No. 1 was $174,193.00. See the Affidavit of Jim Garrett, which is attached hereto as Exhibit "A" and incorporated herein by reference as if fully set forth herein.

18. PTL offers an Ad Interim Stipulation for the value of Wickliffe Crewboat No. 1 in the sum of $174,193.00, being its value at the conclusion of the voyage in question and its pending freight, plus interest at the rate of six percent (6%) per annum from the date of the filing of this Complaint, and costs of court.

19. This Complaint is being filed less than six (6) months after the capsizing of Wickliffe Crewboat No. 1 and the death of Tyler Morgan.

**WHEREFORE, PREMISES CONSIDERED**, MERS, LLC d/b/a PTL Marine, prays as follows:

1. that this Court enter an order approving the Ad Interim Stipulation for the value of Wickliffe Crewboat No. 1 in the amount of $17,193.00, being its value at the conclusion of the voyage in question and its pending freight, plus interest at the rate of six percent (6%) per annum from the date of the filing of this Complaint, and costs of court;

2. that, upon approval of the foregoing Ad interim Stipulation for Value, this Court enter an order enjoining and/or restraining the commencement and/or prosecution of any and all actions, suits, and/or legal proceedings of whatsoever kind, nature, or character, against Wickliffe Crewboat No. 1 and/or MERS, LLC d/b/a PTL Marine, its members, managers, agents, representatives, servants, employees, and affiliated companies, and any other person whomsoever or entity whatsoever for whom/which MERS, LLC d/b/a PTL Marine may be responsible, arising out of or attributable to the capsizing of Wickliffe Crewboat No. 1and the death of Tyler Morgan;

3. that this Court cause notice to be issued to all persons, firms, or corporations having or alleging to have claims arising out of the capsizing of Wickliffe Crewboat No. 1 and the death of Tyler Morgan on March 3, 2022:

   a. admonishing them to appear and file their claims with the Clerk of this Court on or before the date to be fixed by this Court or be forever barred and permanently enjoined from making and filing such claims; and

   b. directing them to answer the allegations contained in this Complaint.

4. that this Court, after due hearing, determine that neither MERS, LLC d/b/a PTL Marine, *in personam*, nor Wickliffe Crewboat No. 1, *in rem*, is liable for any damages on any basis whatsoever in connection with the capsizing of Wickliffe Crewboat No. 1 and the death of Tyler Morgan;

5. that, in the alternative, should this Court determine that MERS, LLC d/b/a PTL Marine and/or Wickliffe Crewboat No. 1 is liable to any person, firm, corporation, or entity to any extent on any basis, which MERS, LLC d/b/a PTL Marine denies, then this

Court determine that MERS, LLC d/b/a PTL Marine, *in personam*, and Wickliffe Crewboat No. 1, *in rem*, are entitled to limit their liability to the value of Wickliffe Crewboat No. 1 immediately following its capsizing and at the conclusion of the voyage at issue, together with its pending freight, and that a judgment be entered discharging MERS, LLC d/b/a PTL Marine, *in personam*, and Wickliffe Crewboat No. 1, *in rem*, from any further liability arising from or growing out of or in connection with the capsizing and sinking of Wickliffe Crewboat No. 1 and the death of Tyler Morgan; and

6.   MERS, LLC d/b/a PTL Marine prays for such other and further general relief to which it may show itself justly entitled.

**RESPECTFULLY SUBMITTED**, this the 23rd day of May, 2022.

>   s/Frank J. Dantone
>   **FRANK J. DANTONE, KY BAR #83922**
>   **HENDERSON DANTONE, P.A.**
>   241 Main St.
>   P.O. Box 778
>   Greenville, MS 38702-0778
>   Telephone No. (662) 378-3400
>   Facsimile No. (662) 378-3413
>   Email: fjd@hdpa.com
>
>   Attorney for MERS, LLC d/b/a PTL Marine

## VERIFICATION

**STATE OF MISSISSIPPI**

**COUNTY OF WASHINGTON**

I, Frank J. Dantone, being first duly sworn, state that I am the attorney for MERS, LLC d/b/a PTL Marine. I have read the foregoing Complaint, and all of the matters set forth therein are true and correct to the best of my knowledge, information, and belief. I am authorized to make this verification on behalf of MERS, LLC d/b/a PTL Marine, and same is the free act and deed of MERS, LLC d/b/a PTL Marine.

*/s/ Frank J. Dantone*
**FRANK J. DANTONE**
Attorney for MERS, LLC d/b/a PTL Marine

**SWORN TO AND SUBSCRIBED BEFORE ME**, this the 23rd day of May, 2022.

*/s/ Nikki S. Reed*
**NOTARY PUBLIC**

[Notary Seal: STATE OF MISSISSIPPI, NOTARY PUBLIC, ID #81010, NIKKI S. REED, COMMISSION EXPIRES 10/14/2024, BOLIVAR COUNTY]